UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILLIP DEMETRIUS REYNOLDS,

    Plaintiff,

v.                      Case No. 8:09-cv-543-T-17TBM

POLK COUNTY SHERIFF'S DEPT.,
et al.,
    Defendants.

## **O R D E R**

The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff has failed to show that there is a present case and controversy and because his request for injunctive relief is premature.

Plaintiff is incarcerated in the Lakeland Correctional Facility, Coldwater, Michigan. He claims that, in July 2007, he asked Michigan prison officials to communicate with officials in Polk County, Florida, to determine whether an active warrant "still existed against Mr. Reynolds." According to Plaintiff, confirmation was received that extradition proceedings were going to go forward after the completion of his Michigan prison term.

Plaintiff claims that under the Religious Land Use and Institutionalized Persons Act (RLUIPA), he has met the initial requirement to demonstrate that the Polk County Jail policies will "substantially burden the practice of Mr. Reynolds [Jewish] beliefs to a kosher diet, not allowed to wear the Kippa and Tallit Katan." Plaintiff Reynolds seeks a preliminary injunction requiring the Polk County Jail to provide him a kosher diet and to allow him to wear his Kippa and Tallit Katan when he is transferred to that jail. He claims that there will not be enough time for the Court to intervene to prevent his suffering irreparable injury after he is transferred because he will be unable to eat and to wear the religious clothing. He specifically seeks to have this Court schedule a telephone conference with him, or in the alternative establish some conditions whereby the jail officials will be required to notify this Court upon his arrival into their custody. At the minimum, according to Reynolds, this Court should set forth preliminary guidelines to decide any claim on an emergency basis.

Discussion

"RLUIPA is the latest of long-running congressional efforts to accord religious exercise heightened protection from government-imposed burdens." *Cutter v. Wilkinson*, 544 U.S. 709, 714 (2005). The statute's origins stem from the Supreme Court's decisions in two cases, *Employment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1990) and *City of Boerne v. Flores*, 521 U.S. 507 (1997). Prior to *Smith*, the

Supreme Court had employed a compelling interest standard for testing the constitutional validity of laws of general applicability that affected religious practices; government actions that burdened religious practices had to be justified by a compelling government interest. *See Sherbert v. Verner*, 374 U.S. 398, 402-03 (1963); *Adkins v. Kaspar*, 393 F.3d 559, 566 (5th Cir.2004) (discussing the pre-*Smith* landscape). In *Smith*, however, the Supreme Court held that laws of general applicability that only incidentally burden religious conduct do not offend the Free Exercise Clause of the First Amendment. *Smith,* 494 U.S. at 878-79.

Congress responded to *Smith* by passing the Religious Freedom and Restoration Act of 1993 ("RFRA"), in which it sought to reinstate the pre-*Smith* "compelling interest" standard for laws of general applicability burdening a person's religious practices. *See Cutter*, 544 U.S. at 714-15. RFRA had "universal" coverage, applying to all state and federal laws, and purportedly was passed pursuant to Congress' enforcement powers under section 5 of the Fourteenth Amendment. *See City of Boerne*, 521 U.S. at 516-17; *see also Cutter*, 544 U.S. at 715 (stating that RFRA lacked a Commerce Clause or Spending Clause underpinning). In *City of Boerne*, however, the Supreme Court invalidated RFRA as applied to the states, holding that the statute exceeded Congress' remedial powers under the Fourteenth Amendment. 521 U.S. at 535-36.

Congress again responded, this time by enacting RLUIPA, 42 U.S.C. § 2000cc-2000cc-5. "Less sweeping than RFRA," and "invoking federal authority under the Spending and Commerce Clauses," *Cutter*, 544 U.S. at 715, RLUIPA targets only two narrow areas for protection: land use (section 2 of the Act, 42 U.S.C. § 2000cc) and the religious exercise of institutionalized persons (section 3 of the Act, 42 U.S.C. § 2000cc-1). The latter section, which is at issue in the present case, states that "[n]o government shall

3

impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability," unless the government can demonstrate that the burden "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). Section 3 of RLUIPA thereby affords to prison inmates a "heightened protection from government-imposed burdens," by requiring that the government demonstrate that the substantial burden on the prisoner's religious exercise is justified by a compelling, rather than merely a legitimate, governmental interest. *See Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005) (citation omitted).

In doing so, section 3 affords confined persons "greater protection of religious exercise than what the Constitution itself affords." *Lovelace v. Lee*, 472 F.3d 174, 186 (4th Cir. 2006). Section 3 applies whenever "the substantial burden on religious exercise is imposed in a program or activity that receives federal financial assistance." 42 U.S.C. § 2000cc-1(b)(1).

No Case and Controversy In the Present Case

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.' " *Mingkid v. U.S. Att'y Gen.*, 468 F.3d 763, 768 (11th Cir. 2006) (citation omitted). This Court will not entertain an action case unless there is a present case or controversy, that is, "an actual dispute [that] continues to exist between the parties." *Bourgeois v. Peters*, 387 F.3d 1303, 1308 (11th Cir. 2004).

Plaintiff Reynolds seeks injunctive relief. Injunctive relief is "a prospective remedy, intended to prevent future injuries," *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). Plaintiff is not incarcerated in the United States District Court for the

4

Middle District of Florida and has not indicated when his Michigan sentence will end or when he will be transferred to Florida. Therefore, his request for injunctive relief is premature.

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed. The Clerk is directed to enter judgment against Plaintiff and to close this case.

ORDERED at Tampa, Florida, on March 26, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Phillip Demetrius Reynolds